UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
HERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:22-CR-077-SDJ |
| | § | |
| ANTHONY MANGRAM | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Anthony Mangram's Motion for Reconsideration of Detention. (Dkt. #29). The Government filed a response. (Dkt. #31). The Court, having considered the motion, the Government's response, the record, and the applicable law, **DENIES** the motion and the relief requested.

### I. BACKGROUND

Mangram is charged with conspiracy to possess with intent to manufacture and distribute fentanyl, in violation of 21 U.S.C. §§ 841 and 846. (Dkt. #1). He appeared for a detention hearing in front of a magistrate judge. (Dkt. #14). At the hearing, the Government presented substantial evidence tying Mangram to drug trafficking. (Dkt. #16 at 3).

Thomas Halsell, a federal agent with the United States Postal Inspection Service, testified about the multiagency investigation into the online sale and distribution of narcotics that led to Mangram's arrest. According to Agent Halsell, investigators discovered that Mangram was using dark web marketplaces to sell and distribute narcotics. The investigators traced the IP address used for multiple transactions to Mangram's address in Dallas, Texas. Agent Halsell testified, among

other things, that Mangram used the United States Postal Service to mail packages containing narcotics and that investigators obtained video surveillance from the post office showing Mangram mailing such packages to undercover agents. The narcotics that Mangram allegedly distributed included oxycodone, fentanyl, methamphetamine, cocaine, Adderall, and heroin. When investigators arrested Mangram and searched his home, they found a faraday cage, a cell phone jammer, a firearm, small quantities of drugs, postal receipts, and packaging materials consistent with those used to package drugs.

Based on the evidence presented at the hearing and the Pretrial Services Report, the magistrate judge concluded that Mangram did not rebut the applicable statutory presumption that he is a flight risk and a danger to the community. (Dkt. #16 at 4). The magistrate judge also concluded that the Government proved by clear and convincing evidence that no conditions of release imposed on Mangram will reasonably assure the safety of any other person and the community and that the Government proved by a preponderance of the evidence that no conditions of release will reasonably assure Mangram's appearance as required. (Dkt. #16 at 2–3). Accordingly, the magistrate judge ordered Mangram detained pending trial.

Three months later, Mangram filed a three-page motion requesting that the Court reconsider the detention order. (Dkt. #29).

## II. LEGAL STANDARD

Under 18 U.S.C. § 3145(b), a person ordered detained by a magistrate judge may seek review of the detention order in district court. The district court reviews

the magistrate judge's order de novo and "must make an independent determination of the proper pretrial detention or conditions for release." *United States v. Rueben*, 974 F.2d 580, 585 (5th Cir. 1992) (citation omitted). Accordingly, the Court has discretion to "support what the magistrate has actually ordered with additional findings based on its independent consideration of the record before the magistrate and the additional evidence adduced before it." *United States v. Fortna*, 769 F.2d 243, 250 (5th Cir. 1985).

The Bail Reform Act, 18 U.S.C. § 3142, governs the release and detention of defendants awaiting trial. A judicial officer may order a defendant detained pending trial only upon satisfying two prerequisites. First, the officer must hold a hearing pursuant to a circumstance listed in 18 U.S.C. § 3142(f). *See United States v. Byrd*, 969 F.2d 106, 109–10 (5th Cir. 1992). Second, after a hearing, the officer must determine whether the Government has shown by a preponderance of the evidence that "no condition or combination of conditions will reasonably assure the appearance of the person," or by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community." 18 U.S.C. § 3142(e)(1), (f)(2); *see also Rueben*, 974 F.2d at 586 ("For pretrial detention to be imposed on a defendant, the lack of reasonable assurance of either the defendant's appearance, or the safety of others or the community, is sufficient; both are not required." (citation omitted)). Section 3142(g) provides that a court shall consider four factors in determining whether a person poses a flight risk or a danger to the community: (1) the nature and circumstances of the offense

3

charged; (2) the weight of the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g).

In some cases, a rebuttable presumption arises that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3). The rebuttable presumption arises upon a finding of probable cause to believe that the defendant committed an offense subject to a maximum term of imprisonment of ten years or more under the Controlled Substances Act, 21 U.S.C. § 801 *et seq.* 18 U.S.C. § 3142(e)(3)(A); *see also Rueben*, 974 F.2d at 586. Probable cause exists when offenses under the Controlled Substances Act are charged in an indictment. *United States v. Trosper*, 809 F.2d 1107, 1110 (5th Cir. 1987).

Section 3142(e)'s rebuttable presumption "shifts to the defendant only the burden of producing rebutting evidence, not the burden of persuasion," which remains with the Government. *United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989). If the defendant presents "evidence tending to rebut the presumption," the presumption "nevertheless remains in the case and is a factor to be considered." *Fortna*, 769 F.2d at 251; *see also Hare*, 873 F.2d at 798–99 ("[T]he court may still consider the finding by Congress that drug offenders pose a special risk of flight and dangerousness to society."). If the defendant does not present evidence sufficient to rebut the presumption, the court must still review the Section 3142(g) factors. *See United States v. Jackson*, 845 F.2d 1262, 1265 (5th Cir. 1988) (noting that the

4

language of Section 3142(g) "*mandates* district court review of certain factors" (emphasis added)). As the Fifth Circuit has explained, the statute thus creates "an unusual set of weights and measures in which the burden of persuasion is on the government, not the defendant, but the presumption may be weighed in the evidentiary balance." *Hare*, 873 F.2d at 799.

If the two prerequisites are not satisfied, a judicial officer may not order a criminal defendant detained pending trial. *See United States v. Okhumale*, 813 F.App'x 936, 939 (5th Cir. 2020) (per curiam) (reaffirming that pretrial detention requires "the presence of one of the circumstances outlined in § 3142(f) *and* a determination under § 3142(e) that . . . no conditions imposed could either assure the appearance of the defendant or the safety of the defendant and community" (citing *Byrd*, 969 F.2d at 109–10)).

### III. DISCUSSION

**A. Mangram's Detention Hearing and Request for De Novo Hearing**

The requirement that a judicial officer hold a hearing pursuant to 18 U.S.C. § 3142(f) prior to ordering a defendant detained is satisfied by Mangram's hearing before the magistrate judge. *See* 18 U.S.C. § 3142(f)(1) (providing that a judicial officer must hold a hearing to determine whether any combination of conditions will reasonably assure the defendant's appearance and the public safety where, inter alia, the Government moves for detention and the defendant is charged with an offense for which the maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act). Here, the Government moved for detention before the magistrate judge, who is a judicial officer. *See* 18 U.S.C. § 3156(a)(1). Mangram is

5

charged with a crime that has a maximum term of imprisonment of ten years or more prescribed in the Controlled Substances Act. (Dkt. #1); 21 U.S.C. §§ 841(b)(1), 846. The detention hearing before the magistrate judge was therefore proper under Section 3142(f)(1)(C) and fulfills the detention hearing requirement in this case.

In his motion requesting reconsideration of the magistrate judge's detention order, Mangram includes a request for a hearing. (Dkt. #29 at 3). The Court, having reviewed the audio recording of the detention hearing held before the magistrate judge, the Pretrial Services Report, the magistrate judge's order, Mangram's motion, and the Government's response, concludes that there is no need for a hearing on the motion. Mangram provides little argument and no evidence in his motion to support the assertion that the magistrate judge's detention order should be revoked, and the Government's arguments are clearly articulated in its briefing. The Court has discretion to "support what the magistrate has actually ordered with additional findings based on its independent consideration of the record before the magistrate and the additional evidence adduced before it." *Fortna*, 769 F.2d at 250; *see also United States v. Hensler*, 18 F.3d 936, 1994 WL 83436, at *2 (5th Cir. 1994) (per curiam) ("The district court has discretion in determining whether to conduct a supplementary evidentiary hearing as part of its de novo review" and "the discretion to conduct its de novo review by examining the pleadings and the evidence which was developed before the magistrate judge and then adopting the magistrate judge's pretrial detention order." (citations omitted)). Mangram's request for a hearing on the motion is therefore denied. *See United States v. Ashley*, 850 F.App'x 270, 271 (5th Cir.

6

2021) (per curiam) ("[T]he district court did not err by not conducting a *de novo* detention hearing before adopting the magistrate judge's detention order.").

## B. Merits of Mangram's Motion

The Government contends that Mangram has not rebutted the presumption that he is a flight risk and a danger to the community. Having independently considered the record and the Section 3142(g) factors, the Court agrees: Mangram has not rebutted the presumption that he presents a flight risk and a danger to the community. Because there are no conditions of release that would adequately address these risks, Mangram's motion for reconsideration of the magistrate judge's detention order must be denied, and he must remain detained pending trial.

### i. Section 3142(e)'s rebuttable presumption applies and has not been rebutted.

The rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community applies in this case. Mangram has been indicted for alleged violations of 21 U.S.C. §§ 841(a)(1) and 846. Under the Controlled Substances Act, Mangram faces imprisonment of not less than ten years and not more than life. 21 U.S.C. §§ 841(b)(1), 846.

The indictment provides probable cause to believe that Mangram committed the charged offense. *See Trosper*, 809 F.2d at 1110 ("[T]he presumption against pretrial release arises when drug crimes [under the Controlled Substances Act] are charged in the indictment."). In addition, the testimony of Agent Halsell supports the finding of probable cause. *See Fortna*, 769 F.2d at 252 (finding probable cause while

7

relying in part on the affidavit of an investigating agent). Therefore, under 18 U.S.C. § 3142(e)(3)(A), the presumption applies, and Mangram was required to produce rebutting evidence.

To rebut the presumption, Mangram bears "only the burden of producing rebutting evidence, not the burden of persuasion." *Hare*, 873 F.2d at 798. But Mangram has not produced evidence sufficient to rebut either the presumption that no combination of conditions will reasonably ensure his appearance or the presumption that no combination of conditions will reasonably ensure the public safety. Mangram failed to produce sufficient rebutting evidence during the proceedings before the magistrate judge, and he has produced no evidence in support of his present motion. *See* (Dkt. #29).

This case pertains to a multi-agency investigation involving subjects who were dealing narcotics on the dark web. As discussed above, the magistrate judge heard evidence tying Mangram to drug trafficking, including: (1) undercover purchases of narcotics; (2) internet protocol address tracing connecting the online narcotics activity to Mangram's address; and (3) surveillance showing that Mangram shipped narcotics by U.S. mail. In addition, Agent Halsell testified that Mangram was distributing an array of drugs, such as oxycodone, fentanyl, methamphetamine, cocaine, Adderall, and heroin. And during the execution of a search warrant on Mangram's residence, investigators found a cell phone jammer, a radio signal blocker, a firearm, small quantities of drugs, a large amount of postage receipts, and packing supplies consistent with those used to package drugs. Mangram, on the other hand,

has not produced evidence indicating that he would refrain from involvement in drug trafficking were he to be released. *See Rueben*, 974 F.2d at 587 (determining that defendants failed to rebut the presumption of danger to the community when they presented "absolutely no evidence whatsoever" that they would refrain from continuing to traffic drugs).

Mangram also has a significant criminal history. According to the Pretrial Services Report, which Mangram has not challenged, his criminal history includes arrests for assault causing bodily injury, aggravated assault causing bodily injury, burglary/indecent assault, possession of marijuana, and multiple firearm offenses. Additionally, Mangram received a chapter 10 discharge in lieu of a court martial for a rape offense while in the military.

In his motion, Mangram does not challenge any of the evidence presented at the hearing. Nor does Mangram point to any specific error in the magistrate judge's detention decision. Thus, the presumption that Mangram is a flight risk and would pose a danger to the community if released has not been rebutted and remains in this case.

### ii. Application of the Section 3142(g) factors confirms that Mangram must be detained pending trial.

Having determined that the presumption applies and that Mangram has failed to produce sufficient evidence to rebut the presumption, the Court must now consider the Section 3142(g) factors to answer the ultimate question of whether the Government met its burden of proof. *See Jackson*, 845 F.2d at 1265. Having reviewed the Section 3142(g) factors in light of the presumption, the Court finds that the

Government proved by a preponderance of the evidence that no combination of release conditions could reasonably assure Mangram's appearance at trial and further proved by clear and convincing evidence that no such conditions could reasonably assure the safety of the public pending trial. For these reasons, Mangram must remain detained pending trial.

### a. Nature and circumstances of the charged offense

Mangram is charged with a serious offense—conspiracy to possess with the intent to manufacture and distribute a mixture or substance containing fentanyl. If convicted, Mangram faces a minimum of ten years and a maximum of life in prison. *See* 21 U.S.C. §§ 841(b)(1), 846. The severity of Mangram's potential sentence underscores the seriousness of his charged offense. *See United States v. Zhang Xiao Dong*, No. 3:17-CR-546-L, 2017 WL 5629513, at *3 (N.D. Tex. Nov. 22, 2017) (concluding that possible prison sentence of forty-six to fifty-seven months presented motive to flee); *United States v. Almasri*, No. H-07-155, 2007 WL 2964780, at *1 (S.D. Tex. Oct. 10, 2007) (concluding that a defendant's potential sentence weighed in favor of detention when the defendant faced a *maximum* sentence of ten years and the possibility of a higher sentence if the defendant received consecutive penalties). Mangram is also connected to a drug-trafficking conspiracy occurring over the dark web. This factor therefore weighs in favor of detention.

### b. Weight of the evidence

The Court must also consider the weight of the evidence against Mangram, although this factor is considered "to be of least importance in the detention determination." *United States v. Stanford*, 630 F.Supp.2d 751, 755 (S.D. Tex. 2009).

As explained above, Mangram was arrested in connection with a federal investigation of a drug-trafficking conspiracy involving individuals selling narcotics on the dark web. Agent Halsell testified that the IP address used for multiple transactions was traced to Mangram's residence. There is also evidence that Mangram used the U.S. Postal Service to mail multiple packages containing narcotics. Investigators obtained video surveillance from the post office and observed Mangram mailing packages to undercover agents. The narcotics that Mangram allegedly distributed included oxycodone, fentanyl, methamphetamine, cocaine, Adderall, and heroin. And when investigators searched Mangram's home, they found a faraday cage, a cell phone jammer, a firearm, small quantities of drugs, postal receipts, and packaging materials consistent with drug trafficking.

At bottom, the weight of the evidence against Mangram is strong. The strength of the Government's evidence of Mangram's participation in a serious crime therefore also weighs in favor of detention.

### c. History and characteristics of the defendant

The Court must also consider Mangram's history and characteristics. Relevant history and characteristics include "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." 18 U.S.C. § 3142(g)(3)(A).

Mangram's history and characteristics weigh in favor of detention. To be sure, Mangram has family ties in the community. And the record does not indicate he has

a history relating to drug or alcohol abuse. But he does have a significant and violent criminal history. As discussed above, Mangram has previous arrests for (1) assault causing bodily injury, (2) burglary/indecent assault, (3) aggravated assault causing bodily injury, (4) possession of marijuana, and (5) multiple firearm offenses. In addition, Mangram received a chapter 10 discharge in lieu of a court martial for a rape offense while in the military. (Dkt. #13 at 5–6). This history serves as strong evidence that no combination of conditions would reasonably assure the safety of the public.

Taken together, Mangram's history and characteristics undermine any assertion that he would discontinue his drug-related activity if released, putting the public in danger. This factor therefore weighs in favor of detention.

### d. Nature and seriousness of the danger posed by the defendant

The testimony produced at the hearing before the magistrate judge suggest that Mangram is a participant in a conspiracy to sell and distribute narcotics using the dark web and the U.S. Postal Service. Mangram allegedly distributed a wide array of drugs, including oxycodone, fentanyl, methamphetamine, cocaine, Adderall, and heroin. Agent Halsell testified that in 2022 alone, Mangram had mailed at least sixty-five packages containing narcotics. There is no question that these actions present a significant danger to the public. *See Hare*, 873 F.2d at 798–99 ("[D]rug offenders pose a special risk of . . . dangerousness to society."). And the Court is convinced that no combination of conditions would prevent Mangram from continuing to engage in dangerous criminal activity if released. So this final factor weighs in favor of detention.

\*   \*   \*

In sum, the Court concludes that the Section 3142(g) factors, when considered with the unrebutted statutory presumption that Mangram is a flight risk and a danger to the public, indicate that there is no combination of release conditions that would reasonably assure the safety of the community and Mangram's appearance for further proceedings. Mangram's motion must therefore be denied.

### IV. CONCLUSION

For the foregoing reasons, Defendant Anthony Mangram's Motion for Reconsideration of Detention, (Dkt. #29), is **DENIED**. Mangram shall remain in custody pending trial.

**So ORDERED and SIGNED this 8th day of September, 2022.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE